## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. MADDEN**, | : | **CIVIL NO. 1:15-CV-627** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **VINCENT F. MOONEY**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner, Mark Madden ("Madden"), an inmate formerly confined at the State Correctional Institution, Coal Township, Pennsylvania[1], initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Therein, he contends that the Pennsylvania Board of Probation and Parole ("PBPP") violated his constitutional rights when the PBPP revoked his parole and calculated his parole violation maximum date as September 10, 2022. (Id.) For the reasons that follow, the petition will be denied.

---

[1] Subsequent to the filing of the instant petition, Madden was released from custody. Upon entering Madden's offender identification number, GG4208, into the Vinelink online inmate locator system, https://www.vinelink.com/#/search, his status was returned as follows:

| | |
|---|---|
| Offender Name: | Madden, Mark A. |
| Custody Status: | Out of Custody |
| Location: | Paroled |

## I.   **Background**

On July 16, 2006, Madden was released on parole from three sentences in Franklin County, Pennsylvania.  (Doc. 10-1, pp. 2-5).  At that time, his maximum sentence expiration date was November 21, 2014.  (Id. at p. 2).

On December 17, 2008, Madden was arrested by the Federal Bureau of Investigation and charged with new federal crimes of bank fraud and conspiracy to commit bank fraud in the United States District Court for the Southern District of New York.  (Id. at p. 7).  On October 22, 2009, Madden entered a guilty plea and was sentenced to four, concurrent, six year terms of imprisonment.  (Id. at pp. 9-14; United States v. Madden, No. 08-CR-1278 (S.D.N.Y)).

Subsequent to his release by federal authorities, Madden was returned to Pennsylvania and charged with violating his parole.  (Doc. 10-1, p. 16).  On May 9, 2014, Madden waived his right to a parole revocation hearing and right to counsel, and admitted that he was convicted of the new federal offenses in violation of his parole.  (Id. at p. 18).  On July 30, 2014, the PBPP revoked Madden's parole based on the new federal convictions and recommitted him as a convicted parole violator to serve twenty-four months backtime.  (Id. at p. 20).  The PBPP established his parole violation maximum date as September 10, 2022.  (Id.)

In August 2014, Madden filed an administrative appeal challenging the PBPP's July 30, 2014 decision.  (Id. at pp. 22-24).  On October 30, 2014, the PBPP denied the administrative appeal, and affirmed the July 30, 2014 decision.  (Id. at pp. 28-29).

On December 15, 2014, Madden initiated proceedings in the Pennsylvania Commonwealth Court.  (Id. at pp. 31-34).  On December 29, 2014, the Commonwealth Court quashed Madden's petition for review as untimely filed.  (Id. at p. 38).  On January 7, 2015, Madden filed a motion for reconsideration.  (Id. at pp. 40-42).  The Commonwealth Court denied the motion for reconsideration on January 12, 2015.  (Id. at p. 44).  Madden did not file an appeal to the Pennsylvania Supreme Court.

The instant petition was filed on February 27, 2015.  (Doc. 1).

## II.   **Discussion**

Madden's petition pursuant to 28 U.S.C. § 2254 challenges the PBPP's revocation of his parole and calculation of his parole violation maximum date. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A).  This provision requires that the petitioner give the state courts a fair opportunity to review allegations of constitutional error before seeking relief in federal court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement.  See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

To properly exhaust a claim involving a determination by the PBPP, the petitioner must first file a petition for administrative review with the PBPP within

thirty days of the mailing date of the PBPP's decision.  See 37 Pa.Code § 73.1(a).

After an administrative appeal to the PBPP, a petitioner must present his claims to

the Pennsylvania Commonwealth Court.  See 42 Pa.C.S.A. § 763(a); Bronson v.

Pennsylvania Bd. of Prob. and Parole, 491 Pa. 549, 421 A.2d 1021 (1980).  If

dissatisfied with the result, petitioner must then file a Petition for Allowance of

Appeal with the Pennsylvania Supreme Court.  See 42 Pa.C.S.A. § 724; McMahon v.

Pennsylvania Bd. of Prob. and Parole, 504 Pa. 240, 470 A.2d 1337 (1983).  See also

Pagan v. Pennsylvania Bd. of Prob. and Parole, No. 08-0150, 2009 WL 210488 *3

(E.D. Pa. January 22, 2009).  If petitioner fails to seek review from the Supreme

Court of Pennsylvania, then the state claim is unexhausted.  See Williams v.

Wynder, 232 F. App'x 177, 181 (3d Cir. 2007).

Madden fails to demonstrate that he satisfied the exhaustion requirement.

Initially, he filed a petition for administrative review of the revocation with the

PBPP, which affirmed the decision.  (Doc. 10-1, pp. 22-24).  A petition for review was

filed in the Pennsylvania Commonwealth Court on December 15, 2014, and, on

December 29, 2014, the court quashed the appeal as untimely.  (Id. at pp. 31-38).

Madden failed to file an appeal in the Pennsylvania Supreme Court.  As such, he

has not exhausted his state court remedies and the time to do so has expired.  See

Pa. R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the

Prothonotary of the Supreme Court within 30 days after the entry of the order of

the Superior Court or the Commonwealth Court sought to be reviewed").

Madden's failure to timely present his claims at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of his claims.  See Barnhart v. Kyler, 318 F. Supp.2d 250 (M.D. Pa. 2004).  The merits of his procedurally defaulted claims cannot be reviewed unless he demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims.  See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate "cause" for a procedural default, he must point to some objective external factor which impeded his efforts to comply with the state's procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law.  See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).  Madden has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case.  See Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002).  Nor is there any indication that a failure to review his claim will result in a fundamental miscarriage of justice.

Notably, even if Madden properly presented his claims to the state courts, he would not be entitled to federal relief.  The court may deny a petition for habeas corpus, notwithstanding the petitioner's failure to exhaust state court remedies.  See 28 U.S.C. § 2254(b)(2).  Madden claims that he was not provided with a timely revocation hearing, that the PBPP lacked the authority to establish a parole

violation maximum date, and that the recommitment range ordered by the PBPP was unlawful.

Although Madden claims that he was not provided with a timely revocation hearing, he explicitly waived his right to a revocation hearing on May 9, 2015. Further, the PBPP was not required to provide him with a hearing until he completed his federal sentence on May 5, 2014.  The United States Supreme Court has rejected similar claims that a parolee's due process rights were violated when he had to wait to complete a sentence before having a parole violation hearing.  See Moody v. Daggett, 429 U.S. 78 (1976).  In Moody, the Court found that the alleged effects of the delay in having a parole violation hearing, including loss of witnesses and delay re-integrating into society, did not rise to the level of a grievous loss of a liberty interest that must be rectified by an early revocation hearing.  Id. at 87-88 & n.9; see also Heath v. U.S. Parole Com'n, 788 F.2d 85, 90-91 (2d Cir. 1986) (holding that a federal parolee serving independent intervening sentence in state custody has no constitutional right to a prompt revocation hearing).  Thus, the PBPP was not required to provide Madden with a hearing until he completed his federal sentence and was returned to Pennsylvania on the PBPP's warrant.

Madden next claims that the PBPP lacked the authority to establish a parole violation maximum date.  It is well-established that Pennsylvania's parole statute is constitutional, and pursuant to the statute, the PBPP has the "exclusive power" to "parole and reparole, commit and recommit for violations of parole."  61 Pa.C.S.A. § 6132(a)(1)(i); see also United State ex rel. Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970); Commonwealth v. Reese, 774 A.2d 1255 (Pa. Super. 2001)

(noting that, for prisoners whose maximum sentence is two years or more, the PBPP has the exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole, and may extend the expiration of an offenders' maximum sentence upon his recommitment as a convicted parole violator).  Furthermore, if a parolee is recommitted for having committed a crime while on parole, he is not entitled to credit for any of the time he spent on parole.  See 61 Pa.C.S.A. § 6132(a)(2).  Therefore, the PBPP had the authority to revoke Madden's parole, impose and extend the expiration of his original maximum sentence, and did not err when it calculated Madden's parole violation maximum date without credit for his time spent on parole.

Lastly, the PBPP recommitted Madden as a convicted parole violator to serve twenty-four months backtime for three counts of bank fraud and one count of conspiracy to commit bank fraud.  (Doc. 10-1, pp. 20, 28-29).  The PBPP determined that these federal offenses were closely related to the listed offense of forgery, which has a six to twelve month recommitment range.  (Id.; 37 Pa. Code §§ 75.1-75.2).  The PBPP noted that, when combined, the maximum recommitment range was forty-eight months.  (Id.)  Thus, the twenty-four month recommitment range imposed by the PBPP was within the presumptive range for convicted parole violators.

**III.**   **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

**IV.**   **Conclusion**

In accordance with the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        December 21, 2016